UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN DWAYNE THERIOT,

        Petitioner,         Case No. 2:17-cv-53

v.         Honorable Gordon J. Quist

SHANE PLACE,

        Respondent.
_____/

## OPINION

The instant case purports to be a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a cognizable habeas claim.

## Factual Allegations

Petitioner, Kevin Dwayne Theriot, presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Maximum Correctional Facility (AMF).

Petitioner is serving two terms of life imprisonment, together with a consecutive two-year term, imposed after Petitioner was convicted by a Wayne County jury of two counts of first-degree murder, MICH. COMP. LAWS § 750.316a, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.

In his habeas petition, however, Petitioner does not challenge either his convictions or his sentences. Instead, he complains that he was wrongfully placed in segregation on April 29, 2016, on false allegations of assaulting staff. Petitioner's handwriting is only marginally legible. It appears, however, that Plaintiff also claims that he was sexually harassed on November 21, 2016, and then threatened by AMF officers. He contends that he fears for his safety, and his attempts to obtain administrative relief have failed. Plaintiff also complains that he has trouble breathing and has blood in his stools, and he apparently has not been seen in health care.

For relief, Plaintiff seeks release from segregation and the expungement of his misconduct convictions.

**Discussion**

The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)*; Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like those raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the

petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Petitioner alleges, however, that his placement in segregation was improper and the major misconduct charges on which he was convicted were "false." He therefore appears to suggest that his action is cognizable on habeas review because his major misconduct conviction resulted in his loss of disciplinary credits and therefore affected the duration of his sentence. However, the Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. As a result, Petitioner's claim does not sound in habeas.

An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983. *Id.*; *see also Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2254, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a cognizable habeas claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: May 10, 2017                               /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE